UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:16-cr-232-T-23CPT
 8:18-cv-483-T-23CPT

RONALD JOHN BANKSTON
_____/

**O R D E R**

Bankston moves under 28 U.S.C. § 2255 to vacate and challenges the validity of his federal convictions for felon in possession of a firearm and ammunition, violent felon in possession of body armor, and distribution of methamphetamine, for which offenses he is imprisoned for 130 months. Among other claims,[1] Bankston alleges that trial counsel rendered ineffective assistance by not appealing, specifically, by not appealing despite his statement that he would appeal.

To prove his claim of ineffective assistance of counsel, Bankston must meet the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which test *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains as follows:

> [F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the

---

[1] As suggested in *McIver v. United States*, 307 F.3d 1327, 1331, n.2 (11th Cir. 2002), whether Bankston is entitled to a delayed appeal warrants resolution before resolving Bankston's other claims. As explained at the end of this order, a delayed appeal preserves Bankston's other claims for possible review in a future Section 2255 motion.

>  defendant must show that the deficient performance prejudiced the
>  defense.

*Strickland* governs a claim that counsel was ineffective for not appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000); *Thompson v. United States*, 481 F.3d 1297 (2007). Bankston's pleading guilty based on a plea agreement, under which he waived his right to appeal, does not foreclose his raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to appeal. *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

In his motion to vacate Bankston alleges that his attorney "failed to file a direct appeal even though he stated he would do so to challenge the 3B1.5 body armor enhancement . . . ." (Doc. 1 at 12) The United States counters with an affidavit from former defense counsel, who attests that "[a]fter the court pronounced sentence on February 24, 2017, Petitioner indicated to me that he did *not* want to file an appeal of his sentence." (Doc. 5-1 at 3) (italics original) In his reply Bankston represents that his attorney "assured Mr. Bankston he would appeal it later [and] at that time, it would be removed (enhancement)." (Doc. 8 at 26) As a consequence, Bankston's allegation and his former counsel's representation are in direct conflict about the understanding between Bankston and his attorney about appealing.

Under these circumstances an evidentiary hearing is necessary. *See Patel v. United States*, 252 F. App'x 970, 974 (2007) (remanding to the district court "to conduct an evidentiary hearing into . . . whether Patel, in fact, requested counsel to file a direct appeal sufficient to trigger the *per se* duty to appeal set forth in

*Flores–Ortega*" because "[i]n his § 2255 motion and accompanying memorandum, Patel asserted that he specifically requested his attorney to file an appeal of his sentence and conviction, but noted that counsel failed to do so and did not provide any reasons for ignoring his request"), *cert. denied*, 553 U.S. (2008).

To conduct an evidentiary hearing, an incarcerated defendant must be brought to a hearing at considerable expense to the United States Marshal,[2] to the United States Attorney, either to the Federal Defender or to private counsel appointed under the Criminal Justice Act, and to the judiciary. As a consequence, the interest of judicial economy is best served by granting the motion but only to the extent that Bankston will have an out-of-time appeal with the assistance of appointed counsel in accord with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is . . . dictated by Rule 4(b)(1)(A)(i).

The circuit court approves the granting of a motion to vacate without an evidentiary hearing if the district court follows *Phillips*. "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the

---

[2] Security costs and manpower are required even though Bankston is imprisoned within Florida, specifically, the Federal Correctional Complex - Medium in Coleman, Florida.

*Phillips* procedure." *United States v. Robinson*, 648 F. App'x 823 (11th Cir. 2016)[3] (citing *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005) (*per curiam*)). Allowing a belated appeal yields to the need for judicial economy (given the present peculiar state of pertinent law) and neither includes nor suggests a determination that trial counsel was ineffective.

The present motion to vacate is granted-in-part and limited to only the claim that counsel failed to appeal. Bankston's remaining issues are not lost because after his appeal Bankston can again move under Section 2255, which motion will not be barred as second or successive under Section 2255(h), as *McIver v. United States*, 307 F.3d at 1332, explains:

> [W]e hold that "an order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued." *Shepeck [v. United States]*, 150 F.3d [800,] 801 [7th Cir. 1998)]. A successful motion to file an out-of-time notice of appeal therefore does not render subsequent collateral proceedings "second or successive."

*See also United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) ("[T]he 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.'") (quoting *McIver*, 307 F.3d at 1332 n.2) (brackets original).

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36–2.

Accordingly, the motion to vacate (Doc. 1) is **GRANTED** on Ground II, limited to the claim that counsel failed to appeal. The other grounds, including the other sub-parts and claims in Ground II, are **DISMISSED WITHOUT PREJUDICE**. The motion both to expand the record and for discovery (Doc. 9) is **DENIED AS MOOT**. The Clerk must (1) enter a judgment for Bankston in the civil action, (2) close the civil case, and (3) docket this order in the criminal action. The United State Magistrate Judge must appoint counsel in the criminal action for the purpose of appealing. After the appointment of counsel, the court will re-impose sentence and enter a new judgment, and the newly appointed counsel must timely appeal. All further proceedings will occur in the criminal action.

ORDERED in Tampa, Florida, on October 24, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE